# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

In Re: J.W., O.S., & K.S.

No. 14-0228 (Roane County 12-JA-15, 12-JA-16, & 12-JA-17)

**FILED**

September 22, 2014

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother, by counsel Kevin B. Postalwait, appeals the February 10, 2014, order of the Circuit Court of Roane County that terminated her parental rights to twelve-year-old J.W., four-year-old O.S., and nine-year-old K.S. The children's guardian ad litem, Erica Brannon Gunn, filed a response in support of the circuit court's order. The Department of Health and Human Resources ("DHHR"), by its counsel Michael L. Jackson, also filed a response in support of the circuit court's order. Petitioner argues that the circuit court erred in denying her motion for a dispositional improvement period and terminating her parental rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In August of 2013, the DHHR filed an abuse and neglect petition against petitioner and her boyfriend, J.W.'s father. The petition alleged that petitioner exposed her children to drug abuse, domestic violence, and physical abuse. In particular, the petition alleged that on one occasion, petitioner chased J.W. around the house, caught him, bent his fingers back, bit him, then burned him with her cigarette. The petition also alleged that petitioner had mental health issues that once required hospitalization. Shortly after the petition was filed, petitioner moved to North Carolina. While there, petitioner had little contact with the DHHR.

In September of 2013, J.W. testified to the circuit court in an in-camera hearing regarding the incident in which petitioner bit and burned him and he testified that his mother had abused marijuana and pills in the presence of all the children. J.W. also testified that petitioner had tried to choke him in the past, that he was afraid of petitioner, and that he did not want any contact with her. At the adjudicatory hearing in November of 2013, petitioner's ex-husband testified that, while in the two younger children's presence, petitioner once stabbed him in the head with a fork and made threats to bite his face off and burn the house down while the children were inside. J.W.'s grandmother testified that on the evening petitioner bit and burned J.W., petitioner admitted to taking five Klonopin pills. Based on this evidence, the circuit court adjudicated petitioner as an abusing and neglectful parent.

At the dispositional hearing in January of 2014, the circuit court denied petitioner's motion for an improvement period and then terminated her parental rights. The circuit court

1

based the termination on findings that petitioner moved to North Carolina; failed to treat her mental health issues; and minimized, rather than accepted responsibility for, her actions that led to the filing of the petition. For instance, petitioner denied snorting drugs in her children's presence and denied biting or burning J.W. despite firsthand witness testimony to the contrary. The circuit court also found that petitioner had not attended any of the multidisciplinary treatment team meetings in person, had not appeared at the majority of the hearings in the matter, and had very minimal contact with the DHHR during the case. Based on these findings, the circuit court found that there was no reasonable likelihood that petitioner would substantially correct the abuse and neglect conditions and that termination was in the children's best interests. Petitioner now brings this appeal.

This Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

Petitioner argues that the circuit court erred in denying her motion for a dispositional improvement period and in terminating her parental rights. Petitioner asserts that her testimony at the dispositional hearing was open and honest about her willingness to cooperate in an improvement period to rectify the abuse.

Upon our review of the record, we find no error in the circuit court's decision to deny petitioner's motion for an improvement period or in terminating her parental rights. Pursuant to West Virginia Code § 49-6-12(c), a circuit court has the discretion to grant an improvement period at disposition if the subject parent has demonstrated by clear and convincing evidence that he or she is likely to fully participate in the improvement period. The record supports the circuit court's finding that petitioner did not meet her burden in requesting an improvement period. Petitioner testified that she found no wrongdoing with her actions during the cell phone incident. Testimony from the adjudicatory and dispositional hearings also indicates that petitioner moved to North Carolina shortly after the case was initiated, had very little contact with the DHHR thereafter, and failed to engage in any services to address her anger and drug abuse issues.

Under West Virginia Code § 49-6-5(b)(3), a subject parent's failure to follow through with rehabilitative efforts to reduce or prevent the abuse and neglect of the children constitutes circumstances in which there is no reasonable likelihood that the conditions of abuse or neglect can be substantially corrected. The evidence contained in the record supports the circuit court's findings and conclusions that there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected and that termination is necessary for the children's welfare. Pursuant to West Virginia Code § 49-6-5(a)(6), circuit courts are directed to terminate parental rights upon such findings.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** September 22, 2014

**CONCURRED IN BY:**

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II